9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Thomas BOWMAN, Petitioner-Appellant,
v.
Samuel LEWIS, ADOC Director, Defendant-Appellee.
 No. 92-16851.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Oct. 28, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Robert Thomas Bowman appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Bowman challenged his conviction of misconduct involving a weapon on the basis that his trial attorney failed to try to suppress the seized weapon. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 I.
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's tactical decisions are essentially unreviewable. Id. at 694; United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985). To show prejudice, a defendant must show a reasonable probability that the result would have been different but for the counsel's errors. Strickland, 466 U.S. at 694. In addition, the result of the proceeding must be "fundamentally unfair or unreliable." Lockhart v. Fretwell, 113 S.Ct. 838, ----, 122 L.Ed.2d 180, 189 (1993).
 
 
 4
 The evidence presented by Bowman to support his ineffective assistance of counsel claim does not show that his attorney failed to provide professionally competent assistance. Bowman claims that his counsel's actions were constitutionally deficient because his attorney failed to bring a motion to suppress a gun as evidence that Bowman claims was the fruit of an illegal search and seizure.
 
 
 5
 Firemen had been invited to Bowman's apartment to attend to Bowman in a medical emergency. In response to a fireman's call for assistance, the police entered the apartment and found Bowman's girlfriend acting hysterically and announcing that there was a gun in the apartment. She offered to retrieve the weapon but safety considerations prompted the police to restrain her from retrieving what she described as "a loaded M-16." The police followed her toward the kitchen, restrained her, and retrieved the gun. In United States v. Mayes, we held that the Fourth Amendment "does not bar governmental officials from making warrantless searches and seizures in circumstances where they reasonably believe that a search is required to deal with a life-threatening emergency." 670 F.2d 126, 128 (9th Cir.1982) (where doctor needed immediately to examine object that caused injury to child in order to determine how to treat the child, and an official entered parents' apartment to retrieve the object, it would have been unreasonable to require the doctor to apply for a search warrant). An hysterical person running toward a loaded M-16 creates a potentially life-threatening emergency.
 
 
 6
 The Fourth Amendment bars only unreasonable searches and seizures. Maryland v. Buie, 494 U.S. 325 (1990). In some contexts "the public interest is such that neither a warrant nor probable cause is required." Id. As in Terry v. Ohio, 392 U.S. 1, 20, 24 (1968), the action of the police in Bowman's apartment involved "necessarily swift action predicated upon the on-the-spot observations of the officer" on the site, and the need for the officers "to protect themselves and other prospective victims of violence" in a situation where they lacked probable cause for an arrest. The fact that Bowman's girlfriend announced that she was going to get the loaded gun indicates that the officers' actions were necessary to protect themselves and the firefighters. See Michigan v. Long, 463 U.S. 1032, 1049-50 (1983) (where officer reasonably believed that the suspect was dangerous and might gain immediate control of weapons, search of passenger compartment of automobile for hidden weapon was permissible); see also Buie, 108 L.Ed.2d at 285 ("Long authorized a 'frisk' of an automobile for weapons.' "); Chimel v. California, 395 U.S. 752 (1969) (searches incident to in-home arrest are limited to arrestee's person and area within his reach, and are justified by the threat posed to police by the arrestee).
 
 
 7
 The officers were in Bowman's home, and therefore were at some disadvantage of ambush. See Buie, 494 U.S. at 333. Even though the officers were not present to arrest Bowman, they had been effectively invited into the apartment, and were entitled "to take reasonable steps to ensure their safety." See id. That interest outweighs the intrusion. In this case, the threat was posed by Bowman's girlfriend, who was moving toward the gun, which was in plain view. See id. at 334. The evidence as a whole shows that it would have been futile for Bowman's counsel to move to suppress the seized gun.
 
 
 8
 The district court did not err by denying Bowman's petition. See Strickland, 466 U.S. at 687.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3